IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MBONISI SIBANDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00464-RK |
| | ) |
| KANE LOGISTICS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pro se Plaintiff Mbonisi Sibanda brings this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against his former employer, Defendant Kane Logistics. Before the Court is Kane Logistics' motion for judgment on the pleadings, or in the alternative, motion for summary judgment. (Doc. 34.) Plaintiff has filed a response in opposition. (Doc. 45.) After careful consideration, Kane Logistics' motion for judgment on the pleadings is **GRANTED** and Plaintiff's claims are **DISMISSED**.

### Background

Plaintiff, an African American man, worked at Kane Logistics' warehouse through a staffing agency from May 2, 2022, until July 2, 2022. Plaintiff alleges he was wrongfully terminated following an altercation with a coworker. Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") against Kane Logistics, and on April 13, 2023, the EEOC issued Plaintiff a "Notice of Right to Sue." (Docs. 5-1, 5-2.)

Plaintiff timely filed a pro se complaint against Kane Logistics on July 12, 2023. (Doc. 5.) Using a court-approved pro se complaint form which provides pre-printed checklists of potential claims under Title VII, Plaintiff alleged by checkmark that he was subject to termination, unequal terms and conditions of employment, and retaliation. Plaintiff checked boxes alleging he was discriminated against based on his race, color, and national origin.

The Court summarizes the cognizable allegations set forth in the portion of the complaint form which asks Plaintiff for a factual description. On July 2, 2022, Plaintiff was wrongfully terminated after he engaged in "a conflict" with a coworker wherein the coworker threatened to kill Plaintiff. (*Id.* at 5-7.) Plaintiff does not allege that the conflict or his coworker's conduct was

based on Plaintiff's race, color, national origin, or sex. Plaintiff reported the incident to his supervisor, Frank Addison, who ignored him. In addition, on the same day while Plaintiff was walking to clock into work, "Addison was standing by the office door and as soon as [Plaintiff] entered the office, [Addison] smacked [Plaintiff's] behind." (*Id.* at 5.)

Plaintiff reported the conflict with his coworker (but not Addison's conduct) to another supervisor, Troy,[1] who also ignored him, "but stated that he was going to handle the matter in his own way and to just leave everything with him." (*Id.* at 5.) Plaintiff told Troy that he "had a written statement for the Human Resources Depart[ment]" concerning the coworker incident. (*Id.*) Troy told Plaintiff "to wait [five] minutes" and then he terminated Plaintiff's "contract on the spot." (*Id.*) Plaintiff alleges Troy fired him because he did not want Plaintiff to speak with the Human Resources Department about the coworker conflict and because Plaintiff "followed the chain of command" when he was ignored. (*Id.* at 7.)

Plaintiff also attached to his complaint his EEOC Charge written statement wherein Plaintiff more thoroughly explains the incident with his coworker. (Doc. 5-2.) Plaintiff and his coworker had a verbal disagreement after the coworker took a piece of equipment from Plaintiff which the worksite was trying to locate. The coworker told Plaintiff he would "beat [his] ass" and was "going to kill [him]." (*Id.* at 1.) Plaintiff admitted that he responded back to the coworker, "[B]ro[,] if you touch me or keep threatening to kill me[,] I will shoot you." (*Id.*) Plaintiff indicated that he reported the incident but no further action was taken until the next day when his contract was terminated. (*Id.*) Plaintiff did not mention the Human Resources Department, rather, he stated, "I was wrongfully terminated[,] they did not do an investigation at all[,] and I did not write my statement." (*Id.* at 3.) Plaintiff did not mention Addison allegedly smacking his behind.

On July 18, 2024, Kane Logistics filed a motion for judgment on the pleadings, or in the alternative, motion for summary judgment. (Doc. 34.) The motion is supported by excerpts from Plaintiff's deposition, Plaintiff's interrogatory answers, an affidavit of Kane Logistics' Human Resources Manager, a recording taken on Plaintiff's phone, and email correspondence between Plaintiff's former supervisors and Human Resources personnel concerning the altercation. (Docs. 35-1 through 35-9.) The Court need not, and does not, consider this evidence to rule on Kane Logistics' motion for judgment on the pleadings; this evidence is excluded.

---

[1] Plaintiff did not provide a last name.

**Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (cleaned up). The Court may consider "matters incorporated by reference or integral to the claim . . . and exhibits attached to the complaint whose authenticity is unquestioned without converting the motion into one for summary judgment." *Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 903-04 (8th Cir. 2017) (cleaned up).

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). Even so, pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

**Discussion**

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie claim of discrimination, Plaintiff must allege facts showing that (1) he is a member of a protected class; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Fiero v. CSG Sys., Inc.*, 759 F.3d 874, 878 (8th Cir. 2014).

Even liberally construed, Plaintiff's complaint fails to plausibly plead circumstances which could give rise to an inference of discrimination. While Plaintiff checked the box on his form complaint to allege he was discriminated against on the basis of his race, color, and national origin, the remainder of his complaint does not make a single reference to his race, color, or national origin. The Court finds that simply checking the box on a court-approved form, even in the case of a pro se plaintiff, is insufficient to state a plausible claim for relief. *See Gage v. Brennan*, No. 4:17-CV-2872 CAS, 2018 WL 3105418, at *4-6 (E.D. Mo. June 25, 2018); *Terry v. G4S Secure Sol. (USA)*, No. 4:18CV00118 JLH, 2018 WL 1701311, at *2 (W.D. Ark. Apr. 6, 2018).

3

Instead, Plaintiff's complaint focuses on his allegations that Kane Logistics wrongfully terminated him without investigation following the incident with his coworker, and Plaintiff's termination was also in retaliation for his desire to report the coworker incident to the Human Resources Department. (Doc. 5 at 5-8.) He does not allege the race of the other employees involved or any facts which infer that the incident was race-related. Plaintiff has completely failed to allege any facts or circumstances that give rise to an inference of discrimination based on his race, color, or national origin. For instance, Plaintiff has not alleged any facts suggesting similarly situated employees of another race, color, or national origin received different treatment.

Likewise, Plaintiff's complaint does not plausibly allege a claim of sex discrimination or harassment. First, Plaintiff did not check the box for "gender/sex" discrimination on his complaint, despite checking the boxes for "race" and "color" directly above it. While not necessarily fatal to Plaintiff's sex discrimination claim, Plaintiff also fails to allege sufficient facts to support his claim within the factual allegations section of his complaint. In that typed, four-page section, Plaintiff devotes one line to allege that Addison "smacked [his] behind" as he entered the office to clock in. (Doc. 5 at 5.) Plaintiff does not allege or describe facts giving rise to an inference that the individual "smack [of his] behind" by a member of the same gender had anything to do with his sex—let alone that it was because of Plaintiff's sex.

"Same-sex harassment claims differ from those between males and females because the latter 'typically involve explicit or implicit proposals of sexual activity,' which create a presumption that the underlying conduct was based on sex." *McCown v. St. John's Health Sys.*, 349 F.3d 540, 543 (8th Cir. 2003) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). But, the presumption is only applicable upon a showing that the harasser is sexually attracted to the plaintiff. *Id.* Without the presumption, "a same-sex harassment plaintiff needs other methods to prove that the conduct was based on sex." *Id.* (citing *Oncale*, 523 U.S. at 80). A plaintiff could do so in one of three ways: (1) "show that the conduct was motivated by sexual desire;" (2) "show that the harasser was motivated by a general hostility to the presence of the same gender in the workplace;" or (3) "offer direct comparative evidence about how the harasser treated both males and females in a mixed-sex workplace." *Id.* (citing *Oncale*, 523 U.S. at 80-81). The critical issue "is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Oncale*, 523 U.S. at 80 (citation omitted). Plaintiff clearly falls short of pleading factual allegations which could

4

give rise to an inference of discrimination under any of these three routes. Absent factual allegations from which the Court could infer Addison's motivation or otherwise analyze how members of another sex were treated differently in this manner, the Court concludes that Plaintiff's sexual discrimination claim fails to state a plausible claim for relief. *See Linville v. Sears, Roebuck & Co.*, 335 F.3d 822, 824 (8th Cir. 2003) ("While [co-worker's repeated] striking [of plaintiff] in the scrotum and laughing was probative of crude, gender-specific vulgarity, it was not, by itself, probative of gender discrimination.").

Kane Logistics also argues it is entitled to judgment on the pleadings as to Plaintiff's retaliation claim because Plaintiff has failed to plead he engaged in a statutorily protected activity. The Court agrees.

Title VII also prohibits an employer from retaliating against an employee for opposing the employment practices outlawed in its provisions. 42 U.S.C. § 2000e-3(a). The elements of a claim of retaliation are: (1) plaintiff engaged in statutorily protected conduct; (2) he suffered an adverse employment action; and (3) a causal connection exists between the two. *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 702 (8th Cir. 2006). Complaining explicitly about discriminatory treatment is statutorily protected conduct. *See Green v. Franklin Nat. Bank of Minneapolis*, 459 F.3d 903, 914-15 (8th Cir. 2006). However, complaining about a coworker but failing to mention that the undesirable behavior was based on the plaintiff's membership in a protected class is not statutorily protected conduct. *See Helton v. Southland Racing Corp.*, 600 F.3d 954, 960-61 (8th Cir. 2010) (finding that because employee did not mention race during phone call in which she complained about a fellow employee, the call was not a statutorily protected activity); *cf. Lockridge v. HBE Corp.*, 543 F. Supp. 2d 1048, 1060 (E.D. Mo. 2008) ("[N]ot every complaint about conditions in the workplace, legitimate or otherwise, constitutes a protected activity; retaliation in response to an activity that is not protected does not support a retaliation claim.").

Plaintiff alleges he complained about the incident with his coworker, but as the Court outlined above, Plaintiff fails to allege that he was treated differently based on his race, color, national origin, or sex. Plaintiff similarly fails to allege that his alleged complaint contained an explanation that the incident was *based on* his protected status. Absent any allegations of statutorily protected conduct, Plaintiff fails to state a plausible claim for retaliation.

Accordingly, Kane Logistics' motion for judgment on the pleadings is **GRANTED**.

## Conclusion

After careful consideration and for the reasons stated herein, the Court **ORDERS** that (1) Kane Logistics' motion for judgment on the pleadings is **GRANTED**; (2) Plaintiff's complaint is **DISMISSED**; and (3) Kane Logistics' motion for summary judgment is **DENIED as moot**.

**IT IS SO ORDERED.**

                                         s/ Roseann A. Ketchmark
                                         ROSEANN A. KETCHMARK, JUDGE
                                         UNITED STATES DISTRICT COURT

DATED:  November 6, 2024